This cause comes up on reservation from the court below, being a suit in foreclosure upon a policy of insurance assigned by Mr. and Mrs. Besuden to plaintiff as collateral security to certain notes. The material facts are as follows':
In May, 1889, Edwin Besuden, then unmarried, took an endowment policy in the Provident Life & Trust Company of Philadelphia, in the amount of $15,000, payable May 29, 1921, or in case of prior death to his executors, administrators or assigns. Besuden subsequently married, and on July 28, 1890, executed to his wife assignment as follows:
”Assignment conditional upon the survival of the assignee.— For value received, I hereby transfer, assign, and set over unto Annette R. Besuden and my assigns all my right, title, .and *647 interest -in policy of insurance issued by the Provident Life & Trust Company of Philadelphia, No. 38609, dated May 29, 1889, and all advantages to be derived therefrom, provided the said assignee should survive me; otherwise all right, title and interest in the said policy is to revert to me as fully as if this assignment had never been made.
“Witness my hand and seal this 28th day of July, 1890. '
‘ ‘ Edwin Besuden.
“Sealed and delivered in presence of:
“Wm. D. Yerger,
“S. P. Ellis.”
The assignment, as appears, was duly recorded with the company on July 30, 1890.
It is admitted by counsel for both parties that the words “my assigns” in this document, is a clerical error, and should be read “her asigns,” so that no contention is made on this point.
On September 29, 1894, Besuden purchased the entire interest of L. B1 Reakirt in the E. Besuden Co., paying cash $2,000 and giving notes for balance of $4,000, at one and two years, and, to secure these notes, pledged certain stock shares in the Clark Carriage Company, and,together with his wife executed an assignment of the above mentioned insurance policy to Reakirt also as collateral security.
In 1896, ’97, ’98, ’99, 1900 and 1901, Besuden failing to pay the premiums on the policy, Reakirt, to keep the policy alive, paid the annual premiums of $391.95 each, and in 1900 Besuden repaid to Reakirt $625 of the amount so advanced.
The plaintiff in his petition filed in September, 1900, asfe that an account be taken of the amount due him upon the notes, and for the premiums advanced by him, with interest, and that upon failure of Besuden to pay said amount, within a time to be designated, the policy be sold under the court’s discretion, and his debt paid from the proceeds.
The defendants contend:
(1) : That the assignment by Mrs. Besuden to-Reakirt of the insurance policy is void under Section 3629, Revised Statutes.
(2) , That Reakirt is not entitled to recover back the *648 premiums paid by him, because there was no contract with Mrs. Besuden respecting them.
(3). That by reason of the extension by Reakirt of one of the notes, the policy was to that extent at least released as security.
Waiving all questions arising from the fact that the assignment is merely of a contingent interest in an endowment policy, and assuming the policy to be of the general character contemplated by the statute, Section 3629, the vital question as presented, is whether the wife took an assignable interest.
The material parts of Section 3629, applicable to the case are as follows:
(a). “A policy of insurance on the life of any person duly assigned, transferred, or made payable to any married woman, * * * whether such transfer is made by her husband or other person, shall inure to her separate use and benefit and that of her children independently of her 'husband or his creditors,” etc.
Then follows an exception, namely:
(&). “and if by its terms, or a transfer thereof, a policy is payable to a married woman solely for her use, she may sell, assign, or surrender the same, but the party whose life is insured shall concur in and become a party to the transfer.”
It ,is claimed by the husband and wife, as against the foreclosure, that, by virtue of the clause first quoted, the assignment of the policy to the wife inured to her and her children jointly, and that her re-ássignment to Reakirt was void; and that no authority can be derived by her under the second clause quoted, for the same reason.
In considering the proper construction to be given the statute in question, it should be premised, that, so far as it introduces any limitations, it engrafts them upon that general freedom of contract which it is the policy of the law to uphold. But, as pointed out by our Supreme Count in Ryan v. Rottweiler, 50 O. S., 602, the original statute of 1847, and certain of its amendments, constituting together the present Section 3629, were merely declaratory of conditions and limitations already *649 existing. “The statutes were passed,” says the court, “as is often done,' to express, define, limit, and make certain, a power which already existed.”
So far as the solution of the question here turns upon mere phraseology it will be observed that the words “shall inure to the separate use and benefit of the wife and that of her" children,” are substantially defined by what follows, namely: ‘ ‘ independently of her husband or his creditors, ’ ’ etc.; that is, where a policy is made payable to a married woman, it' shall so inure.
But in'the exception clause, the words, “solely for her use,” are in like manner defined by following words, namely: “she may sell, assign or surrender, ’ ’ etc.; that is, if the assignment, or the policy itself, shows that the policy is given 'her solely for her use, then she takes an assignable estate.
This second clause of the statute seems to be inserted merely to make clear and certain the meaning of that first quoted, that is to say: said first clause has relation to an assignment to a married woman, simply, and without any qualifying word's expressing the assignor’s intention, ‘and operates to fix upon such assignment a presumptive intention to make provisions for a married woman and her children jointly, and therefore the policy is not assignable by her.
The dispute then narrows itself to this, namely: Whether the assignment in question falls within the first named clause or the exception which follows. The assignment is- to the wife and assigns; and also contemplates a reversion back to the husband in case of the wife’s prior death. The assignment manifestly, as it seems to us, falls within.the exception, for the reason that the test of an estate “solely for the use” of the wife, is, by the terms of the statute, its assignability; and this quality is given by the use of the words “and her assigns” in the instrument of transfer—these words having a fixed legal meaning and effect elementary in the law of conveyancing. The estate conveyed therefore is by direct terms made assignable, where, under the statute, this result would be deduced from any phraseology indicating an intention to give the wife an *650 estate solely for her use. In other words., assignability being the quality of estate intended by the statute in the description “solely for her use,” the expressions are practically synonymous-; so that words creating assignability of estate must be held as bringing the case within the exception intended by statute.
This construction ¡seems the more reasonable in view -of the obliteration -of the distinction between separate and general estates of married women by our modern statute, Section 3114, placing married women on an independent basis in respect of property rights.
As to the claim of release of surety by extenjsion of one- of the notes, it is sufficient to note that 'the burden is upon the surety to prove that the extension was granted upon a definite agreement based upon a sufficient consideration. The record before us does not meet this demand of proof. Osborn v. Low, 40 O. S., 347 (351).
The contention as to the right of a pledgee to look to the pledge for reimbursement of sums paid to keep the security-alive, rests affirmatively upon doctrines so well established that we do not deem it necessary to review the authorities. The case falls within the familiar principle that a mortagee in possession is entitled to his expenses rendered necessary to preserve the property because such outlays are -equally for the benefit of the mortgagor. The rule is held to apply -equally to securities such as that involved in the case at bar. Leslie v. French, L. R., 23 Ch. Div., 552.
Judgment for plaintiff.